CULPEPPER, Judge.
This is a workmen’s compensation case. The plaintiff-employer seeks a declaratory judgment determining the type of disability of defendant-employee. The trial court found defendant is totally and permanently disabled. Plaintiff appealed. Defendant answered the appeal, seeking damages for frivolous appeal.
The accident and injury in question occurred on November 3, 1977, while the defendant was working for the plaintiff, Southern Cotton Oil Co., Inc. in Natchitoch-es. Defendant and a co-employee picked up a 30-gallon can filled with cotton-seed cake to move it to another location. The co-employee dropped his side of the can, causing injuries to defendant’s back.
Immediately after the accident, claimant was seen by Dr. J. V. Kaufman of Natchi-toches, who diagnosed a back injury and referred him to Dr. Baer I. Rambach, an orthopedic surgeon of Shreveport. On November 11, 1977, Dr. Rambach examined claimant and started treatment for a back injury. The back and leg pain persisted, so on December 18, 1977 Dr. Rambach performed a myleogram which showed a herni *696 ated disc in the lumbar region. On December 21, 1977, Dr. Rambach performed a complete removal of the disc at L3-4 and a partial removal of the disc at L5, SI.
Dr. Rambach followed claimant’s progress after surgery. On June 19, 1978 he reported defendant had permanent partial loss of function of the lumbo-sacral spine resulting in 10% loss of function of the body as a whole. However, Dr. Ram-bach was of the opinion plaintiff could return to work at Southern Cotton Oil Co. effective July 1, 1978.
Defendant did return to work at the oil mill and performed light duties for about two weeks. But he quit and went back to Dr. Rambach on August 1, 1978, still complaining of pain in his back. On that occasion, Dr. Rambach found claimant had not rehabilitated himself enough to tolerate heavy lifting, so he recommended a back brace.
Claimant continued to complain of pain in his back, so Dr. Rambach referred him to Dr. H. K. Faludi, a neurosurgeon in Shreveport. This physician reported on December 13, 1978 that defendant could return to light work. On January 30,1979, Dr. Falu-di examined plaintiff and reported he had partial permanent disability of about 15% of the body as a whole and could perform light work, but advised that he not lift anything heavier than about 50 pounds and that he avoid twisting motions. Dr. George Martinez, an associate of Dr. Faludi, saw defendant on August 14, 1979 and rendered essentially the same report as Dr. Faludi, but stated in addition that he saw no reason why defendant could not resume at least light type part-time work.
On August 28, 1979, defendant was seen by Dr. H. Winston Brown, a pain specialist in Shreveport. This physician found defendant to be a well developed, well nourished 47-year-old black male in no acute distress and with no obvious abnormalities. An electromyograph revealed nerve root abnormalities at multiple levels in the lumbar spine. The diagnosis was chronic degenerative lumbar disc disease with acute exacerbation. No surgery was recommenced. Treatment suggested was medication for pain.
Plaintiff has paid workmen’s compensation benefits from the time of the accident through the date of the trial on November 13, 1979, based on total disability. The weekly payments are $100.08.
At the trial, defendant testified he has only a fourth grade education. As a young man, he worked at various common labor jobs such as pulpwood cutter, sawmill worker, etc. He had worked at plaintiff’s oil mill for almost 30 years. During the pressing season he operated a press. The remainder of the year he worked as a maintenance laborer.
Defendant lives with his common-law wife of more than 20 years. She works in a dress shop. He stays at home and tries to cook and take care of the house. However, he testified he could not bend, stoop or climb and that he cannot stay in one position for more than about two hours without pain in his back. He says he can’t stand for long periods of time, cannot sit in one position for more than three hours and even at night cannot get comfortable in bed. He takes two pills a day for pain.
However, defendant admitted that he and his wife own and operate a cafe and nightclub, the Blue Light Inn. The club is open on Friday, Saturday and Sunday nights from 7:00 P.M. until early the next morning. Plaintiff works behind the counter selling beer, soft drinks and other items, but he says that after about two hours he has to go back in the rear and lay down on a bed.
Defendant also testified he occasionally goes fishing on Cane River, sometimes from the bank and sometimes in a boat owned by a friend. But he says he can’t stand on the bank or ride in the boat for very long at a time.
Defendant’s testimony as to his activities is corroborated by his common-law wife of 20 years and by three or four of his friends and neighbors.
In the recent case of Dusang v. Henry C. Beck Builders, et al., 389 So.2d 367 (La. *697 1980) our Supreme Court answered for the first time several questions which have arisen as to the new definitions of total disability, as distinguished from partial disability, contained in LSA-R.S. 23:1221 as amended in 1975. Dusang was an iron worker and a welder. He injured his shoulder and wrist. After treatment, he returned to work as a welder, but continued to have pain. The Supreme Court states in its opinion:
“Malone and Johnson have recommended that Louisiana courts adopt the ‘odd lot’ doctrine in interpreting the new total disability provision. Under this doctrine a claimant is considered totally disabled if his injury makes him an ‘odd lot’ in the labor market — in other words, if he can hold various jobs periodically, but the kind of work he can do is so limited that a reasonably stable market for it does not exist. An ‘odd lot’ claimant need not be absolutely helpless to qualify for total disability status. If the claimant can prove that his physical condition, his mental capacity, his education, training, age or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the ‘odd lot’ category. The employer or insurer must then show that some form of suitable work is regularly and continuously available to the claimant in the area where he resides. (Emphasis supplied)
******
“In this case, even though we agree with the trial court and the Court of Appeal that Mr. Dusang works in substantial pain, he is not totally disabled.
“Except for the six weeks following his termination at Beck, Mr. Dusang has worked steadily following his injury. The pain has not been so disabling as to require him to be hospitalized or to miss work. While his co-workers testified that they needed to help him with heavy lifting following the accident, his foreman at Beck testified that he never had to substitute any employee for Mr. Dusang because of his inability to do the work. Mr. Dusang has been able to find work as a welder out of the electrician’s hall, and there is no clear evidence that he will not be able to find work in the future. At the time of trial he was earning more than he earned before his accident; the partial disability status will protect him in the future.”
Under the rules quoted from Du-sang, the first question is whether defendant has made out a prima facie case that he is totally and permanently disabled, considering his physical condition, his mental capacity, his education, training, age or other factors which might combine to place him at a substantial disadvantage in the competitive labor market. To fall into the “odd-lot” category and thus be totally disabled, claimant need not be absolutely helpless nor unable to perform odd jobs periodically. Of course, in this case these are factual questions as to which the finding of the trial judge should not be reversed on appeal unless he is manifestly erroneous or clearly wrong.
Although the trial judge did not have the benefit of Dusang at the time of his decision, he did find defendant totally disabled. Under the evidence set out above, the trial judge was not clearly wrong in this conclusion. Defendant has only a fourth grade education, is now about 50 years of age and has worked all of his life in jobs requiring strenuous physical labor. He has no education or training in any types of skilled or semi-skilled work not requiring heavy physical labor. His back condition is such that he cannot engage in work where he has to lift over 50 pounds, do any twisting or turning, or even stand or sit for more than two or three hours at a time. These factors combine to place him at a substantial disadvantage in the competitive labor market.
Having determined that defendant made out a prima facie case that he falls in the “odd-lot” category, the next question is whether the employer has shown that some form of suitable work is regularly and continuously available to the defendant in the area where he resides. Of course, counsel for plaintiff did not have the benefit of the *698 Dusang case at the time of trial. However, plaintiff’s counsel did attempt to show that defendant can perform light work for wages. Plaintiff argues that defendant is a relatively young man in excellent health except for the disability of his back resulting from the two disc removals. Plaintiff points to the evidence that defendant works at the nightclub. Also, plaintiff notes that claimant stays at home and cooks and takes care of the house so that his wife can earn a substantial wage. The implication is that defendant does not try to work because he is content to draw his $100 per week for the rest of his life, and this benefit plus what his wife earns is sufficient for them to live well.
Although the employer’s arguments are serious, they are not sufficient to satisfy the requirement set forth in Dusang that the employer must show “some form of suitable work is regularly and continuously available to the claimant in the area where he resides.”
Unlike the claimant in Dusang, the claimant here did not continue to work. He tried to do light work at the oil mill for two weeks but had to quit because of the pain. Of course, if claimant ever does return to regular work which would remove him from the “odd-lot” category, or if other evidence develops that defendant’s incapacity has diminished, the employer can seek judicial review under the provisions of LSA-R.S. 23:1331.
With regard to the claimant’s answer to the appeal seeking damages for a frivolous appeal, we think the appeal is serious, and that no such damages can be awarded.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
SWIFT, J., concurs in result.