PER CURIAM.
Plaintiff-appellant was unable to produce expert medical evidence to support her medical malpractice action, and her belated attempt to secure such evidence after the trial court granted appellees’ motions for summary judgment was denied. We affirm the summary final judgment in appellees’ favor on authority of Sims v. Helms, 345 So.2d 721 (Fla.1977); Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 381 So.2d 1164 (Fla. 5th DCA 1980), aff’d 413 So.2d 1 (Fla.1982); Willis v. L.W. Foster Sportswear Co., Inc., 352 So.2d 922 (Fla. 2nd DCA 1977). National Properties, Inc. v. Balinger Corporation, 277 So.2d 29 (Fla. 3rd DCA 1973), relied upon by appellant, ap *1042 pears to have no vitality in view of the Florida Supreme Court’s approval of Coff-man, supra. See, Stolzenburg v. Forte Towers South, Inc., 430 So.2d 558 (Fla. 3rd DCA 1983), agreeing with Coffman that admissibility of an affidavit in opposition to a motion for summary judgment, filed in conjunction with a motion for rehearing, is a matter within the discretion of the trial court.
AFFIRMED.
LARRY G. SMITH, JOANOS and WENTWORTH, JJ., concur.