452 So.2d 976 (1984)
Gerald BALSAM, Howard M. Israel, Lawrence Levinson, Herbert Schwartz, and Arnold Zager, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. AV-436.
District Court of Appeal of Florida, First District.
June 13, 1984.
Kenneth G. Oertel of Oertel & Hoffman, Tallahassee, for appellants.
Steven W. Huss, Asst. General Counsel, Department of Health and Rehabilitative Services, Tallahassee, for appellee.
JOANOS, Judge.
In this appeal from final administrative action, appellants seek reversal of a hearing officer's determination that a moratorium *977 on the receipt of certificate of need applications imposed by the State of Florida Department of Health and Rehabilitative Services (HRS) was not a rule subject to rule-making procedures of Chapter 120, Florida Statutes. We reverse.
Appellants timely filed a letter of intent to file an application for a certificate of need to construct a 100-bed psychiatric hospital in Broward County. HRS replied that an administrative moratorium had been imposed on certificate of need applications to be reviewed in June, 1983, but that upon proper application, appellants' certificate of need would be reviewed in the next batching cycle in September, 1983.[*] Appellants timely filed their second letter of intent, specifically reserving any rights they had under the initial application. Appellants, then, challenged the moratorium as an invalid rule, claiming they had lost a statutory right of review of their initial application. At the hearing before the Division of Administrative Hearings hearing officer, HRS explained that the moratorium was imposed to allow time for it to promulgate rules on statewide bed-need methodologies as mandated by the 1982 Florida Legislature. No such rules were promulgated during the moratorium, the moratorium expired, and the normal review process resumed.
HRS argues, initially, that the issue is moot since the moratorium has expired. We cannot agree, as imposition of a moratorium by HRS without notice affected substantial interests of appellants and would be agency action subject to review under the Administrative Procedures Act. Commercial Consultants Corporation v. Department of Business Regulation, 363 So.2d 1162 (Fla. 1st DCA 1978).
HRS next argues that appellants have no standing since there's been no showing that the moratorium deprived them of a competitive advantage. Again, we cannot agree. The hearing officer correctly found that appellants had standing by showing they were substantially affected by the moratorium. Section 120.56(1), Florida Statutes (1981).
HRS contends the moratorium was neither rule nor order, but rather was a deviation from Florida Administrative Code Rule 10-5.08. HRS argues that the moratorium is justified as it allowed time to attempt to satisfy the legislative mandate to promulgate bed need methodologies.
Section 381.494(5), Florida Statutes provides:
[t]he department [HRS], by rule, shall provide for applications to be submitted on a timetable or cycle basis; provide for review on a timely basis; and provide for all completed applications pertaining to similar types of services, facilities, or equipment affecting the same service district to be considered in relation to each other no less often than four times a year. (e.s.)
Pursuant to Section 381.494(5), HRS promulgated Florida Administrative Code Rule 10-5.08 which provides for four batching cycles per year. There are no provisions which allow suspension of a current rule or deviation from the promulgated rule which would be in direct contravention of the statutory requirement of review no less than four times per year.
A rule is any agency statement of general applicability that prescribes laws or policy or describes the organization, procedure, or practice requirements of an agency. Section 120.52(15), Florida Statutes.
As shown in State, Department of Administration v. Harvey,
[a]ny agency statement is a rule if it `purports in and of itself to create certain *978 rights and adversely affect others,' [cite omitted], or serves `by [its] own effect to create rights, or to require compliance, or otherwise to have the direct and consistent effect of law.' [cite omitted]
356 So.2d 323 (Fla. 1st DCA 1978). We agree with the hearing officer's conclusion that it is unquestioned that by imposing the moratorium HRS departed from Rule 10-5.08(1), denying appellants' timely review. The hearing officer's next step in applying State, Department of Commerce v. Matthews Corp., 358 So.2d 256 (Fla. 1st DCA 1978), however, led to the erroneous conclusion that the temporal limitation of the moratorium made it not have the consistent effect of law and, therefore, not a rule. The moratorium was consistently applied to all applications during the time that the moratorium was in force, unlike in Matthews where wage rate determinations were found to apply to one party, in one geographic location, for one construction project. The pervasive and consistent effect of the moratorium upon those seeking certificates of need is in no way lessened by the moratorium's finite duration. We find imposition of the moratorium to be analogous to the situation in Harvey, supra, where minimum training and experience requirements imposed upon all career service employment were found to be invalid rules.
Our determination that the moratorium was an invalid rule does not require HRS automatically to issue a certificate of need to appellants. We note that the remedy for certificate of need applicants aggrieved by a delay in determination of their applications is established in Section 381.494(8)(c), Florida Statutes. If appellants' application has yet to be processed, HRS shall make its determination as soon as possible.
Accordingly, the hearing officer's final order is REVERSED.
BOOTH and SHIVERS, JJ., concur.
NOTES
[*] Florida Administrative Code Rule 10-5.08 provides for four review cycles as follows:

 Application Month for
Types of Applications Complete Final Dept
Projects Filed By By Action
ALL Jun 15 Aug 15 Sep
HOSPITAL Aug 15 Oct 15 Nov
PROJECTS Nov 15 Jan 15 Feb
 Mar 15 May 15 Jun