471 So.2d 1312 (1985)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
AMERICAN HEALTHCORP OF VERO BEACH, INC., Appellee.
No. AX-36.
District Court of Appeal of Florida, First District.
June 18, 1985.
Rehearing Denied July 25, 1985.
*1313 M. Stephen Turner of Culpepper, Turner & Mannheimer, Tallahassee, for appellant.
Michael J. Cherniga of Roberts, Baggett, Laface, Richard & Wiser, Tallahassee, for appellee.
William Wiley & Charles Stampelos of McFarlain, Bobo, Sternstein, Wiley & Cassedy, Tallahassee, for amici curiae Indian River County Hosp. Dist. & Naples Community Hosp., Inc.
Kenneth Hoffman of Oertel & Hoffman, Tallahassee, for amicus curiae Indian River County Hosp. Dist.
John H. French, Jr. & James C. Hauser of Messer, Rhodes & Vickers, Tallahassee, for amicus curiae Humana, Inc., d/b/a Sebastian River Medical Center, Inc.
PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) appeals from a final summary judgment compelling it, by writ of mandamus, to issue a certificate of need (CON) to appellee, American Healthcorp, for a 120-bed hospital in Vero Beach. We reverse.
In June 1983, appellee filed an amended petition for writ of mandamus in the lower court directed at appellant, alleging: On March 4, 1983, appellee filed a CON application with HRS for construction of a 120-bed general acute care hospital in Vero Beach; in a timely manner, appellee took all steps necessary in order to have its application placed in the review cycle triggered by the application filing date of March 15, 1983;[1] alleging also that Section 381.494(5), Florida Statutes (1982), required HRS to determine, in 15 working days, whether appellee's application was complete, and to issue or deny a CON within the subsequent 45 days; since HRS failed to issue or deny a CON within the appropriate time period, the CON is automatically deemed approved pursuant to Section 120.60(2), Florida Statutes (1981); HRS has not issued a CON to appellee; and appellee has a clear, legal right to compel HRS to perform its ministerial duty of issuing the CON because of its failure to render a timely determination.
On November 10, 1983, appellee filed a motion for summary judgment. HRS responded *1314 with an affidavit of Thomas Porter, the CON Application Review Coordinator at HRS. The affidavit states that effective February 11, 1983, HRS imposed a moratorium for one review cycle on CON applications, and applied that moratorium to appellee's March 1983 application. In its final judgment, however, the trial court found that any references in the Porter affidavit to a moratorium constituted an attempt to raise an affirmative defense which HRS had waived. Finding no genuine issue as to any material fact, the court granted appellee's motion for summary judgment and directed HRS to issue a CON to appellee.
HRS filed a motion for rehearing, asserting that the court overlooked the fact that because appellee did not appeal HRS's decision not to accept appellee's March 1983 application, appellee cannot now compel issuance of a CON by default. HRS also argued that the court overlooked the statute controlling the review of CON applications accepted for filing, section 381.494(8)(c). HRS attached a second affidavit of Thomas Porter to its motion for rehearing. Appellee responded with affidavits of one of its officers, stating that HRS accepted receipt of appellee's check and CON application on March 4, 1983, as evidenced by a receipt signed by an employee of HRS. The trial court denied the motion for rehearing, but refused to rule on appellee's motions to strike the affidavits HRS submitted after filing its motion for rehearing.
Initially we address the issue of whether mandamus was an appropriate remedy. To show entitlement to a writ of mandamus, "the petitioner must demonstrate a clear legal right on his part, an indisputable legal duty on the part of respondents, and that no other adequate remedy exists." State, Department of Health and Rehabilitative Services v. Hartsfield, 399 So.2d 1019, 1020 (Fla. 1st DCA 1981). Appellee argues that section 120.60(2) provides both its clear right and HRS's indisputable legal duty. HRS answers that Section 381.494(8)(c), Florida Statutes (1982), provides an exception to section 120.60(2), and that appellee had other adequate remedies.
Section 120.60(2) states in pertinent part:
(2) ... Every application for license shall be approved or denied within 90 days after receipt of the original application... . Any application for a license not approved or denied within the 90-day or shorter time period ... shall be deemed approved.... The Public Service Commission, when issuing a license, and any other agency, if specifically exempted by law, shall be exempt from the time limitations within this subsection.

(e.s.) Section 381.494(8), Florida Statutes (1982), also states in part:
(a) The department is designated as the single state agency to issue, revoke, or deny certificates of need and to issue, revoke or deny exemptions from certificate-of-need review in accordance with the district plans and present and future federal and state statutes.
* * * * * *
(c) Upon review of the application for a certificate of need ... the department shall issue or deny the certificate of need in its entirety or for identifiable portions of the total project. The department shall make its determination within not more than 45 days from the day the application is declared to be complete... . If the department fails to render a determination within 45 days, or within an otherwise extended period, from the day the application is declared to be complete, the applicant, within 30 days of the date the department should have rendered a determination, may take appropriate legal action, including relief pursuant to the Administrative Procedure Act, to force the department to render a determination.

(e.s.)
In Balsam v. Department of Health and Rehabilitative Services, 452 So.2d 976 (Fla. 1st DCA 1984), this court briefly discussed the remedy for CON applicants provided in section 381.494(8)(c). The appellants in *1315 Balsam challenged the 1983 HRS moratorium on CON applications, after HRS denied review of their CON application in June 1983. Though holding that the moratorium was an invalid rule, the court did not require HRS automatically to issue a CON to appellants. The court stated: "[T]he remedy for certificate of need applicants aggrieved by a delay in determination of their applications is established in Section 381.494(8)(c), Florida Statutes. If appellants' application has yet to be processed, HRS shall make its determination as soon as possible." 452 So.2d at 978.
Balsam reflects that section 381.494(8)(c)  not section 120.60(2)  supplies the remedy for a delay in determination of a CON application. That view is supported by the rule of statutory construction applied when two statutes are inconsistent or in conflict: "[A] more specific statute covering a particular subject is controlling over a statutory provision covering the same subject in more general terms." Kiesel v. Graham, 388 So.2d 594, 595 (Fla. 1st DCA 1980); see Adams v. Culver, 111 So.2d 665, 667 (Fla. 1959). Contrast Sparkman v. State ex rel. Bank of Ybor City, 71 Fla. 210, 71 So. 34, 39 (1916); DeBolt v. Department of Health & Rehabilitative Services, 427 So.2d 221, 225 (Fla. 1st DCA 1983) (general statute covering entire subject matter and manifestly designed to embrace all the regulations of the subject, may supersede a former statute covering only a portion of the subject, when such intent is manifest, even though the two statutes are not entirely repugnant).
Section 120.60(2) provides for licensure by default, while section 381.494(8)(c), targeted specifically at the CON application process, allows only for "appropriate legal action ... to force the department to render a determination." The latter provision still allows HRS to carry out its statutorily mandated, exclusive duty to issue or deny CONs in its discretion. Also, Section 381.494(8)(c), Florida Statutes (1982), appears to specifically exempt, as required by section 120.60(2), HRS in its CON application review process, from the time limitations in 120.60(2). Therefore, since 381.494(8)(c) controls appellee's efforts to seek relief from untimely determination of its CON application, a writ of mandamus compelling a CON by default was an inappropriate remedy.[2]
Additionally, the exhaustion of administrative remedies doctrine applies to section 381.494(8)(c). Although the statute broadly states that an applicant "may take appropriate legal action" to force HRS to render a determination, we do not interpret the statute as authority "for permitting entry into the circuit court without [first] complying with the exhaustion doctrine." Criterion Insurance Co. v. State, Department of Insurance, 458 So.2d 22, 26 (Fla. 1st DCA 1984); State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). Section 381.494(8)(c) specifically includes, as "appropriate legal action", relief under the Administrative Procedure Act, and pursuant to Florida Administrative Code Rule 10-2.44, appellee had available the right to request a hearing when it believed that its application had not been acted upon within a reasonable length of time. The record on appeal reflects no such request.
Our disposition of this case is unaffected by the issues not explicitly resolved below, regarding whether HRS had actually accepted appellee's CON application, and whether HRS waived its argument regarding the June 1983 moratorium. As to the affidavits HRS filed after summary judgment, we note only that the admissibility of the affidavits was a matter within the discretion of the trial court. Maddox v. Tallahassee Memorial Regional Medical Center, 438 So.2d 1041 (Fla. 1st DCA 1983); *1316 Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 381 So.2d 1164 (Fla. 5th DCA 1980), aff'd., 413 So.2d 1 (Fla. 1982). In light of our decision to reverse on purely legal grounds, we find no need to address appellee's motions to strike the affidavits.
Finally, we address the impact of the 1984 amendment to section 381.494(8)(c). Chapter 84-35, Section 12, Laws of Florida, added the following sentence to 381.494(8)(c): "When making a determination on an application for a certificate of need, the department is specifically exempt from the time limitations provided in s. 120.60(2)." The amendment took effect on May 18, 1984. First, we note that the 1984 amendment relates to "time limitations" and does not specifically address available remedies, including licensure by default. Second, even assuming the 1984 amendment applies to available remedies, it confirms the interpretation and conclusion reached above. Finally, since the 1984 legislation fails to expressly state whether it should be applied prospectively or retrospectively, and since 381.494(8)(c) is a remedial or procedural provision, we consider that the 1984 amendment applies to the instant case pending on appeal at the time of the amendment's enactment. Cf. Rothermel v. Florida Parole and Probation Commission, 441 So.2d 663, 664-65 (Fla. 1st DCA 1983).
REVERSED, AND WRIT OF MANDAMUS DISSOLVED.
ERVIN, C.J., and WENTWORTH, J., concur.
BARFIELD, J., concurs specially.
BARFIELD, Judge, concurring:
I concur that the decision of the trial court should be reversed and the writ of mandamus dissolved on the authority of Balsam v. Department of Health and Rehabilitative Services, 452 So.2d 976 (Fla. 1st DCA 1984).
NOTES
[1] Rule 10-5.08(1), Florida Administrative Code.
[2] This conclusion is further supported by the principle that "the last expression of legislative will is the law, and, therefore, that the last in point of time ... prevails." Kiesel, 388 So.2d at 596. The legislature added 120.60(2)'s licensure by default provision in 1976, Chapter 76-131, Section 10, Laws of Florida, and added the relevant language in 381.494(8)(c) in 1980. Chapter 80-187, Section 4, Laws of Florida.