## STATE OF FLORIDA v PLOECKELMANN
### Case No. 87-5380
Thirteenth Judicial Circuit, Hillsborough County
March 22, 1988

### APPEARANCES OF COUNSEL

**James M. Barton, II, Esquire,** Assistant State Attorney, for appellant.

**Victor J. Pellegrino, Esquire,** for appellee.

### OPINION OF THE COURT

EDWARD H. WARD, Circuit Judge.

### *ORDER AFFIRMING SUPPRESSION OF BREATH TEST RESULTS*

THIS CAUSE having come on before the Court for oral argument

on February 19, 1988 and the Court having heard argument of counsel for the Appellant and Appellee, and having read and reviewed the briefs filed herein and supplemental authority provided by counsel, and otherwise being fully advised in the premises, this Court makes the following findings of fact:

That on November 21, 1986, the Defendant/Appellee was arrested for DUI and submitted to two breath tests wherein the results were recorded as .21% and .19% BAC. The breath test results were obtained by the use of an Intoximeter-Model 3000 breath testing device capable of displaying three digit results, yet the readings obtained were expressed in only two digit results.

That the Court further found that HRS Form 1469, October of 1984, reads:

"Note: The two (2) breath tests shall be run no more than five (5) minutes apart and the two (2) results are acceptable if within + or − 0.02%. If more than 0.02% difference a third (3) breath test or a blood test should be given and the results recorded."

Appellee argued that a variance of more than a + or − 0.02% could have resulted in this case because neither the machine print-out nor the breath test operator's notes reflect that a third digit was recorded in this case.

Appellee argued as authority the case of *State v Gangloff,* Appeal Case 86-4221-AC-A (11th Circuit Opinion, filed March 3, 1987). In *Gangloff,* a Circuit Court panel, sitting in its Appellate capacity, found that the failure to record the extra digit made it impossible for the State to show compliance with the language contained at the bottom of the HRS Chemical Test Report Form. The Court held in *Gangloff* that:

"If the operator of the machine would allow it to do all that it is designed to do, the worst penalty anyone would have to endure is having to run a third or possibly a fourth test until consistency appears and meets any reasonable standards . . . "

The record before the Court shows that the breath test operator maintenance person in conducting monthly maintenance on the Intoximeter breath testing device uses the third digit in determining the accuracy of the device.

The requirement of a third test when there is a + or − 0.02% variance requirement is in fact a rule. In *Balsam v Dept. of Health and Rehab. Services,* 452 So.2d 976 (Fla. 1st DCA 1984), the Court stated:

"A rule is any agency statement of general applicability that pre-

scribes laws or policies or describes the organization, procedure or practice requirement of an agency. § 102.52(15), Florida Statutes."

The Intoximeter-Model No. 3000 is a scientific test for which the State must show, pursuant to *State v Bender,* 392 So.2d 697 (Fla. 1980), compliance with the statutory provisions and the Administrative RUles enacted by HRS. Since the State of Florida cannot show through competent evidence that two breath tests were acceptable within a + or − 0.02%, nor can it show that a third test was given and that the result was within a + or − 0.02%, then the State has failed to show substantial compliance with HRS rules and regulations. The reliability of the test, therefore, has not been proven.

It is, therefore, ADJUDGED that the Order on Motion to Suppress Breath Test Results is AFFIRMED.

ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 22nd day of March, 1988.