The Honorable S.L. "Spud" Clements, Jr. Representative District 62 18 House Office Building Tallahassee, Florida 32399-1300
Dear Representative Clements:
You have asked my opinion on the following questions:
 1. Do the 1988 amendments to Ch. 790, F.S., require Florida sheriffs to terminate special deputies who do not hold an "active" certification issued by the Criminal Justice Standards and Training Commission?
 2. Are special deputies appointed by a Florida sheriff authorized to carry concealed weapons without having a concealed weapons permit?
In sum, I am of the opinion that:
 1. The 1988 amendments to Ch. 790, F.S., do not require Florida sheriffs to terminate special deputies who do not hold an "active" certification issued by the Criminal Justice Standards and Training Commission.
 2. Special deputies appointed by a Florida sheriff who do not hold active certifications issued by the Criminal Justice Standards and Training Commission as law enforcement or correctional officers as defined in s. 943.10(1), (2), (6), (7), (8) or (9), F.S., are not authorized to carry concealed weapons without having a concealed weapons permit.
As your questions are interrelated, they will be answered together.
Section 30.09(4), F.S., provides for the appointment of special deputy sheriffs by stating in pertinent part:
 The provisions of this section [relating to the qualifications of deputy sheriffs] shall not apply to the appointment of special deputy sheriffs when appointed by the sheriff, under the following circumstances:
(a) On election days, to attend elections.
(b) To perform undercover investigative work.
 (c) For specific guard or police duties in connection with public sporting or entertainment events, not to exceed 30 days; or for watchman or guard duties, when serving in such capacity at specified locations or areas only.
 (d) For special and temporary duties, without power of arrest, in connection with guarding or transporting prisoners.
 (e) To aid in preserving law and order, or to render necessary assistance in the event of any threatened or actual hurricane, fire, flood, or other natural disaster, or in the event of any major tragedy such as an airplane crash, train or automobile wreck, or similar accident.
 (f) To raise the power of the county, by calling bystanders or others, to assist in quelling a riot or any breach of the peace, when ordered by the sheriff or an authorized general deputy.
 (g) To serve as a parking enforcement specialist pursuant to s. 316.640(2).[1]
The appointment of a special deputy for the purposes set forth above, with the exception of subparagraph (g), may be made with full powers of arrest whenever the sheriff deems such an appointment reasonable and necessary in the execution of his duties. Except under the circumstances described in subparagraphs (a), (e), (f), and (g), the appointees must possess the minimum standards established by law for law enforcement officers by the Criminal Justice Standards and Training Commission.[2]
The 1988 Legislature amended several provisions of Ch. 790, F.S., relating to the carrying of concealed weapons by law enforcement officers. Section 790.06, F.S., provides for the issuance of licenses by the Department of State to carry concealed weapons within the State of Florida. Section 790.06(5)(b), F.S., as amended,[3] provides in pertinent part:
 [A]n individual holding an active certification from the Criminal Justice Standards and Training Commission as a "law enforcement officer" or "correctional officer" as defined in s. 943.10(1), (2), (6), (7), (8), and (9) shall be exempt from the licensing requirements of this section. (e.s.)
The 1988 Legislature also amended s. 790.052(1), F.S.,[4] which now provides:
 All persons holding active certifications from the Criminal Justice Standards and Training Commission as law enforcement officers or correctional officers as defined in s. 943.10(1), (2), (6), (7), (8), or (9)[5] shall have the right to carry, on or about their persons, concealed firearms, during off-duty hours, at the discretion of their superior officers, and may perform those law enforcement functions that they normally perform during duty hours, utilizing their weapons in a manner which is reasonably expected of on-duty officers in similar situations. However, nothing in this subsection shall be construed to limit the right of a law enforcement officer to carry a concealed firearm off-duty as a private citizen.
The above amendments to Ch. 790, F.S., thus clarified which law enforcement officers are exempt from the licensing requirements for a concealed weapons permit and which officers may carry concealed weapons while off duty. Both ss. 790.052 and 790.06, F.S., expressly limit the carrying of concealed weapons by law enforcement officers to those officers certified by the Criminal Justice Standards and Training Commission.
Your letter specifically refers to special deputies who do not hold an active certification issued by the Criminal Justice Standards and Training Commission. These deputies, therefore, do not come within the terms of s. 790.052, F.S., permitting law enforcement officers to carry concealed weapons off duty, subject to the discretion of their superior officer, or s. 790.06(5)(b), F.S., providing an exception from the licensing requirements for law enforcement officers.
Section 790.25(3)(d), F.S., provides in part that the provisions of ss. 790.053 and 790.06, F.S., do not apply to "[s]heriffs, marshals . . . policemen, Florida Highway patrolmen . . . and other peace and law enforcement officers and their deputies and assistants. . . ." However, in light of the recent amendment to s.790.06, F.S., to clarify those law enforcement officers exempt from the licensing requirements of s. 790.06, F.S., I cannot conclude that this provision would authorize special deputies who do not hold an active certification from the Criminal Justice Standards and Training Commission to carry concealed weapons without a license. As the last expression of legislative intent, s. 790.06, F.S., would prevail over any conflicting provisions of s. 790.25, F.S.[6]
Neither amendment to Ch. 790, F.S., however, prohibits the appointment of special deputies by a sheriff, or requires a sheriff to terminate the employment of those special deputies who do not hold active certifications from the Criminal Justice Standards and Training Commission. Although these special deputies are not "law enforcement officers" for purposes of ss. 790.052 and790.06(5)(b), F.S., such officers may continue to perform the duties prescribed in s. 30.09, F.S.
Therefore, I am of the opinion that the 1988 amendments to Ch.790, F.S., do not require Florida sheriffs to terminate special deputies who do not hold an "active" certification issued by the Criminal Justice Standards and Training Commission as law enforcement or correctional officers as defined in s. 943.10(1), (2), (6), (7), (8) or (9), F.S. However, those special deputies appointed by a Florida sheriff who do not hold active certifications are not authorized to carry concealed weapons without having a concealed weapons permit.[7]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See generally, AGO 73-436 stating that nothing in s. 30.09(4), F.S., prohibits a sheriff from appointing special deputies for the sole purpose of serving civil process.
[2] Section 30.09(4), F.S.
[3] See, s. 4, Ch. 88-183, Laws of Florida.
[4] See, s. 3, Ch. 88-183, Laws of Florida.
[5] Section 943.10(1), (2), (6), (7), (8) and (9), F.S., respectively defines full-time "[l]aw enforcement officer," full-time "[c]orrectional officer," "[p]art-time law enforcement officer," "[p]art-time correctional officer," "[a]uxiliary law enforcement officer," and "[a]uxiliary correctional officer."
[6] See, Department of Health and Rehabilitative Services v. American Healthcorp of Vero Beach, Inc., 471 So.2d 1312 (1 D.C.A.Fla., 1985), adopted, 488 So.2d 824 (Fla. 1986) (last expression of legislative will is law and will prevail); State v. Dunmann, 427 So.2d 166 (Fla. 1983).
[7] See, s. 790.06, F.S., providing for the issuance of licenses to carry a concealed weapon in the State of Florida.