Mr. Daniel S. McIntyre St. Lucie County Attorney 2300 Virginia Avenue 3rd Floor Administration Annex Fort Pierce, Florida 34982-5652
Dear Mr. McIntyre:
On behalf of the St. Lucie County Clerk of the Court, you ask substantially the following question:
Are moneys held as evidence by the clerk of court considered "unclaimed moneys" that may be forfeited to the county pursuant to section 116.21, Florida Statutes?
In sum:
Moneys held as evidence by the clerk of court that have not been claimed are subject to the procedures in section 116.21, Florida Statutes.
Section 116.21, Florida Statutes, in part, provides:
(1) The sheriffs and clerks of the courts of the various counties of the state are authorized at their discretion on or before September 25 of each and every year hereafter to pay into the fine and forfeiture fund of their respective counties any or all unclaimed moneys deposited or collected by them in their official capacity, which unclaimed moneys came into their hands prior to January 1 of the preceding year and for which moneys claim has not been made.
The statute relates to those funds deposited with or collected by the clerk of court in his or her official capacity. Previously, section 116.21, Florida Statutes (1981), spoke to
unclaimed bond and evidence moneys in their hands or custody by virtue of their office as sheriff or clerk, which unclaimed bond and evidence money came into their hands in cases which have been finally disposed of or bonds estreated and no information filed, or defendant bound over and no information filed, or in which no case has been made. (e.s.)
The title to the legislation amending section 116.21, Florida Statutes (1981), reflects its purpose as "conforming provisions relating to the sheriff's disposition of unclaimed moneys from sheriff's sales to general provisions relating to the disposition of unclaimed moneys[.]"[1] The legislative history of the statute reflects that the effect of the amendment was to expand the provisions relating to unclaimed bond money to provide that all unclaimed monies deposited or collected by sheriffs or clerks in their official capacity are paid into the fine and forfeiture fund of their respective counties.[2] There is no indication that the amendments to section 116.21, Florida Statutes, were meant to alter the character of the moneys to which the statute applies.
Section 43.195, Florida Statutes, generally controls the disposal of physical evidence filed as exhibits with the clerk of court. The statute states:
The clerk of any circuit court or county court may dispose of items of physical evidence which have been held as exhibits in excess of 3 years in cases on which no appeal is pending or can be made. Items of evidence having no monetary value which are designated by the clerk for removal shall be disposed of as unusable refuse. Items of evidence having a monetary value which are designated for removal by the clerk shall be sold and the revenue placed in the clerk's general revenue fund.
While the moneys you have referenced are physical evidence that has been placed in the clerk's custody, the more specific provisions in section 116.21, Florida Statutes, relating to unclaimed moneys that have been collected by the clerk of court would apply to the disposal of such funds.[3]
Accordingly, moneys held as evidence by the clerk of court that have not been claimed are subject to the procedures in section116.21, Florida Statutes, for the disposal of unclaimed money.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Chapter 82-118, Laws of Florida.
[2] Florida Senate Staff Analysis and Economic Impact Statement, Judiciary-Civil Committee, February 22, 1982.
[3] See, Department of Health and Rehabilitative Services v. American Healthcorp of Vero Beach, Inc., 471 So.2d 1312 (Fla. 1st DCA 1985), adopted 488 So.2d 824 (Fla. 1986) (when two statutes are inconsistent or in conflict, the more specific statute covering a particular subject is controlling over the statutory provision covering the same subject in more general terms).