277 So.2d 29 (1973)
NATIONAL PROPERTIES, INC., a Florida Corporation, Appellant,
v.
BALLENGER CORPORATION et al., Appellees.
No. 72-918.
District Court of Appeal of Florida, Third District.
May 1, 1973.
*30 Wallace, Kreutzer & Breslow, Miami, for appellant.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Wicker, Smith, Psyzka, Blomqvist & Davant and Stephen A. Stieglitz, Miami, for appellees.
Before PEARSON and CHARLES CARROLL, JJ., and CREWS, JOHN J., Jr., Associate Judge.
PER CURIAM.
The plaintiff-appellant appeals a summary final judgment for the defendants. Appellant's complaint alleged that the defendants were engaged in building a part of an expressway between Miami Avenue and McArthur Causeway and, in so doing, carelessly and negligently drove piling so as to cause extensive damage to plaintiff's building located near the construction site.
Before discovery proceedings were completed, the defendants moved for summary judgment. Then, the plaintiff, in addition to filing its own motion for summary judgment, moved for the production of the site and pile driving plans in the possession of the defendants. The motion to produce was granted by the court; the resulting order required the production of the documents within twenty days from the date of the order. After a hearing, the trial court entered summary final judgment for the defendants.
Thereafter, a timely motion for rehearing was filed by the plaintiff. The motion was accompanied by affidavits which plaintiff's counsel asked the court to accept and consider on rehearing. The trial court denied plaintiff's motion for rehearing and refused to accept the affidavits.
Appellees argue that the testimony of their expert conclusively demonstrated that the plaintiff could not prove its case. We think that such a holding would be contrary to the holdings in Meigs v. Lear, Fla. App. 1968, 210 So.2d 479, and to the authorities cited therein. But we need not rest our decision on a discussion of inferences to be drawn from the facts before the trial court at the time of the hearing on the motions for summary judgment. The court's error in refusing to consider the plaintiff's affidavits submitted with its timely motion for a rehearing is immediately apparent. This point is governed by the holding of the Supreme Court in Holl v. Talcott, Fla. 1966, 191 So.2d 40, 46-47, and by our recent decision in Fernandez v. Cunningham, Fla.App. 1972, 268 So.2d 166. In the Fernandez case we pointed out:
* * * * * *
"In Holl v. Talcott, Fla. 1966, 191 So.2d 40, 46-47, the Supreme Court stated that the principle which is applied on hearing on motion for summary judgment, of strict reading of the papers of a movant and liberal reading and construction of the papers of the opposing party, should be applied also in considering a motion, made by petition for a rehearing or to vacate a summary judgment, for the court to receive new affidavit evidence which could be material to the outcome."
* * * * * *
The appellees do not argue that the affidavits filed with the timely petition for rehearing were not sufficient to present a genuine issue of material fact. They rely entirely upon a claimed discretion of the trial judge to ignore the affidavits because *31 they were not filed prior to the hearing on the motions for summary judgment. That reliance is misplaced in view of the holding in the cited cases.
Reversed and remanded.