305 So.2d 310 (1974)
Sadie R. BERROL, Appellant,
v.
CONCORD FLORIDA, INC., et al., Appellees.
No. 74-198.
District Court of Appeal of Florida, Third District.
December 17, 1974.
Rehearing Denied January 22, 1975.
Horton, Perse & Ginsberg, Miami, Hastings, Goldman & Baumberger, Miami Beach, for appellant.
*311 Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Abramson, Rosenthal & Scremin, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Associate Judge.
PER CURIAM.
The plaintiff-appellant appeals a summary final judgment for the defendant, Ace Terrazzo Company. Appellant's complaint alleged that the defendant terrazzo company had refurbished the floor of the Concord Cafeteria in such a manner as to cause it to be slippery; that the defendant Concord Florida, Inc., washed or mopped the floor to remedy the slippery condition thus creating a wet condition; that as a result of the joint and/or several negligence and carelessness of the two defendants, the plaintiff, an elderly woman, was caused to slip and fall, thereby sustaining serious injuries.
The defendant terrazzo company moved for summary judgment, and after a hearing, the judgment was entered. Thereafter, a timely motion for rehearing was filed by the plaintiff. The motion was accompanied by an affidavit which plaintiff's counsel asked the court to accept and consider on rehearing. The trial court denied the plaintiff's motion for rehearing and refused to accept the affidavit.
Following our decision in National Properties, Inc., v. Ballenger Corporation, Fla. App. 1973, 277 So.2d 29, and the cases cited therein, we find that the court abused its discretion by refusing to accept the affidavit in support of the motion for rehearing, which affidavit in our opinion creates a genuine issue of fact.
Accordingly, we reverse the summary final judgment and remand the cause to the trial court for further proceedings consistent herewith.
Reversed and remanded.