352 So.2d 922 (1977)
James H. WILLIS, Jr., d/b/a Pacer Men's and Women's Wear, Appellant,
v.
L.W. FOSTER SPORTSWEAR CO., INC., a Pennsylvania Corporation, Appellee.
No. 77-130.
District Court of Appeal of Florida, Second District.
November 30, 1977.
Rehearing Denied December 28, 1977.
William F. Casler, St. Petersburg Beach, for appellant.
David A. Luczak, Largo, for appellee.
SCHEB, Judge.
The trial court awarded plaintiff/appellee a summary final judgment against defendant/appellant. *923 On appeal we consider whether the court erred in denying defendant's motion for rehearing where the motion was accompanied by a counteraffidavit that created an issue of material fact. We hold that the trial judge did not abuse his discretion in failing to consider defendant's counteraffidavit on rehearing. We affirm.
Plaintiff sued defendant for $2,511.40, plus interest and costs, on an open account. Plaintiff's amended complaint incorporated certain exhibits purporting to establish the debt. Defendant answered with a general denial. On September 1, 1976, plaintiff moved for summary judgment. Attached to the motion was an affidavit of one of its corporate officers in proof of its claim. The affidavit in turn incorporated copies of the exhibits attached to plaintiff's complaint.
Upon filing the motion for summary judgment, plaintiff's counsel served defense counsel with a copy of the motion and a notice scheduling a hearing on October 15. No discovery was attempted by either party. Defendant did not file any counteraffidavits prior to the hearing, nor does the record disclose any request by defense counsel for a continuance or leave to file any counteraffidavits. Several days after the hearing the court entered a summary final judgment in favor of plaintiff for $2,875.93.
Since the pleadings and plaintiff's affidavit demonstrated there was no genuine issue as to any material fact, the trial court did not err in entering summary judgment in favor of plaintiff. However, after summary judgment was entered, defendant filed a timely motion for rehearing, accompanied by his own affidavit, making specific denials of plaintiff's claim. The trial court denied the motion for rehearing.
The counteraffidavit filed with defendant's motion for rehearing specifically controverted the facts of plaintiff's affidavit upon which the summary judgment was based. Therefore, the counteraffidavit was sufficient to create a material issue of fact. This being so, it is obvious to us that the trial judge declined to consider the defendant's counteraffidavit. So, the issue we now address is whether the trial court abused its discretion in refusing to consider defendant's counteraffidavit filed with his motion for rehearing.
Florida R.Civ.P. 1.510 governs summary judgments. Subsection (e) states the court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or affidavits. Subsection (f) provides that the court may also order a continuance to permit affidavits to be obtained, depositions to be taken, discovery to be had, or to make such other orders as are just. Thus the rule provides adequate safeguards to assure a nonmoving party a fair opportunity to come forward and show that a genuine issue of fact exists before the court rules on a motion for summary judgment. However, once a summary judgment has been entered, the granting or denial of rehearing is a matter within the sound discretion of the trial court; but, as pointed out in Blue v. Blue, 66 So.2d 228 (Fla. 1953), this discretion cannot be exercised arbitrarily.
At the outset, we recognize the Third District Court of Appeal has held that a trial court does not have the discretion to ignore an affidavit filed with a motion for rehearing merely on the grounds that the affidavit was not filed prior to the hearing on the motion for summary judgment. See Berrol v. Concord Fla., Inc., 305 So.2d 310 (Fla.3d DCA 1974); National Properties, Inc. v. Ballenger Corp., 277 So.2d 29 (Fla.3d DCA 1973). We believe these holdings go too far, and are based on an erroneous interpretation of the obiter dictum in Holl v. Talcott, 191 So.2d 40 (Fla. 1966). In Holl the supreme court observed that the liberal presumptions which favor the nonmoving party in a summary judgment procedure should continue and be similarly applied on a subsequent motion for rehearing. Holl was a medical malpractice case where the defendants moved for summary judgment and submitted several affidavits. The plaintiffs submitted a counteraffidavit which the trial court struck for legal insufficiency. The court then granted summary judgment to the defendants on the basis of their affidavits. On rehearing the plaintiffs *924 attempted to submit another counteraffidavit of the same affiant to cure the defects in their stricken affidavit. The court declined to consider the new counteraffidavit and denied the motion for rehearing. The Third District Court of Appeal affirmed the actions of the trial court, but its decision was quashed by the supreme court.
We think Holl is distinguishable from the instant case. In Holl the nonmoving parties submitted a counteraffidavit in opposition to the original motion for summary judgment that was found technically deficient; whereas here, defendant did not submit a counteraffidavit until he filed a motion for rehearing. It is one thing for a court to receive an amended or supplementary affidavit on a motion for rehearing; it is quite another to allow a nonmovant to initially create an issue of fact at this late stage. To permit the latter would allow a nonmoving party to sit back, review the entire proceedings, and not attempt to negate the nonexistence of a material issue of fact until rehearing. Such a procedure certainly is not sanctioned by the rules and is not conducive to the orderly administration of justice.
We can envision circumstances where the exigencies of the situation may persuade a trial judge to allow affidavits to be first presented on a motion for rehearing. An example of this might be where, through no fault or lack of diligence by the nonmoving party, proof may not become available until after the motion for summary judgment is heard. However, such a case would be the exception and not the rule, and the trial judge should require a convincing showing of exigent circumstances.
Federal R.Civ.P. 56 is the prototype of Fla.R.Civ.P. 1.510, so the federal decisions under Rule 56 are instructive. In Engelhard Industries, Inc. v. Research Instrumental Corp., 324 F.2d 347 (9th Cir.1963), the plaintiff obtained a summary judgment under Rule 56. Thereafter, on motion for rehearing, the court rejected affidavits tendered by the nonmovant. On appeal the Ninth Circuit affirmed, stating that the party seeking to introduce affidavits for the first time on rehearing is obliged to show not only that the evidence was newly discovered or unknown until after the hearing, but also that with reasonable diligence it could not have been discovered and produced at the hearing.
Here, there was no attempt by defendant to file any counteraffidavit to controvert the affidavit filed by plaintiff before summary judgment was entered. Nor was there any showing on the motion for rehearing of exigent circumstances which would have persuaded the court to allow the filing of a counteraffidavit. We hold, therefore, that under these circumstances it was not an abuse of discretion for the trial court to decline to consider defendant/appellant's counteraffidavit on motion for rehearing.
No other point raised by appellant merits discussion.
Affirmed.
GRIMES, Acting C.J., and OTT, J., concur.