OTT, Judge.
Appellant appeals from the lower court’s order granting summary judgment to ap-pellee and the lower court’s order denying appellant’s motion for rehearing. We affirm.
Appellant filed a complaint for personal injury and for the wrongful death of his wife which arose out of a fire in their apartment building. The appellee/City of *508 St. Petersburg was named as a defendant due to an allegation that a city safety inspector had negligently allowed the apartment building to meet city safety codes. Appellant alleged that the building was allowed to have installed smoke detectors rather than being required to enclose the stairwells with fire resistant doors.
The lower court granted the city’s motion for summary judgment on the basis that the city was permitted a certain amount of discretion in the enforcement of safety codes and that the substitution of smoke detectors was not shown to be an improper or negligent exercise of that discretion.
Thereafter, appellant filed a motion to rehear the city’s motion for summary judgment.[1]
Attached to appellant’s motion for rehearing was an affidavit of a qualified expert in fire safety. The affidavit was to the effect that the city had improperly or negligently exercised its discretion because the use of smoke detectors in lieu of fire resistant doors was contrary to accepted practices in the field of fire safety.[2] The lower court denied appellant’s motion for rehearing for failure to assert exigent circumstances excusing the failure to submit the expert’s affidavit at or prior to the original hearing on the motion for summary judgment. The court cited as authority for this proposition this court’s holding in Willis v. L. W. Foster Sportswear Co., Inc., 352 So.2d 922 (Fla. 2d DCA 1977).
Appellant contends that a Fourth District case, namely, Hatmaker v. Advance Mortgage Corp., 351 So.2d 728 (Fla. 4th DCA 1977) is a better reasoned opinion on the same point of law. Our examination of Hatmaker does not, in our opinion, necessarily indicate conflict, but even if there is we are not persuaded to recede from our decision in Willis under the statement of facts presented in this case.
In the absence of the late affidavit we find no error in the original summary judgment nor do we find any abuse of discretion in the order denying the motion for rehearing.
HOBSON, Acting C. J., and SCHEB, J., concur.

. By this stage, appellant had retained new counsel.

. An affidavit by the same expert to like effect had been filed in a companion case prior to the date of the hearing on the city’s motion for summary judgment.