381 So.2d 1164 (1980)
COFFMAN REALTY, INC., a Florida Corporation, E.F. Langer, Thomas A. Binford, Tom Rucker, Inc., a Florida Corporation, and Marvin M. Parke, D/B/a Marvin Parke Realty, Appellants,
v.
TOSOHATCHEE GAME PRESERVE, INC., et al., Appellees.
No. 78-238/NT4-72.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
Rehearing Denied April 25, 1980.
*1165 Michael D. Jones, of Jones & Bishop, Altamonte Springs, for appellants.
George A. Speer of Speer & Speer, Sanford, for appellees.
LETTS, GAVIN K., Associate Judge.
Appellants assert the granting of a summary judgment was reversible error because of violations of the Rules of Civil Procedure and the existence of material issues of fact. We affirm.
At stake are real estate brokerage commissions on a 16 million dollar sale of the 28,000 acre Tosohatchee Game Preserve to the State of Florida. The Brokers claim that they were the procuring cause of the sale while the sellers of the Game Preserve successfully resisted that claim at the trial level obtaining a summary judgment in their favor.
In the last few months our Supreme Court has repeated for the umpteenth time that the decisions of trial courts are cloaked with a presumption of correctness, that the burden to demonstrate error is on the appellant and that "Without knowing the factual context ... an appellate court [cannot] reasonably conclude that the trial court so misconceived the law as to require reversal." Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
In the case at bar there can be no question but that the pleadings on file, together with the affidavits of the Game Preserve in support of the motion for summary judgment, clearly negate the existence of any genuine issues as to any material facts. No counter-affidavits were filed by the brokers before the hearing on the motion[1] and no transcript of that hearing has been provided to us. As a consequence, if the existence of any genuine issue of material fact was argued at that hearing we have no cited record of it. Moreover, even now on appeal, we are not cited to any part of the record for the existence of factual issues with the exception of an excerpt from the deposition of one state official. We have studied this particular excerpt and cannot conclude it raises genuine material factual issues.
Turning our attention to certain procedural defects which we agree exist on the record, we reject the Brokers' argument that the hearing on the motion for summary judgment did not substantially comply with Rule 1.510 of the Florida Rule of Civil Procedure. The chronology of events in 1977 reveals the following:
1. October 26th: Brokers first amended complaint dismissed with leave to amend within 20 days.
2. November 8th: Game Preserve's motion and supporting affidavits for summary judgment to be heard November 28th.
3. November 14th: Brokers second amended complaint filed.
4. November 23rd: Game Preserve's motion to strike and dismiss second amended complaint filed, also to be heard November 28th.
5. November 28th: Brokers' motion for continuance of Game Preserve's motion to strike and dismiss. (No motion addressed to the upcoming summary judgment hearing was filed.)
6. November 28th: Hearing on motion for summary judgment.
7. December 1st: Summary Judgment entered.
8. December 7th: Petition for rehearing by Brokers.
9. December 9th: Counter affidavits for Brokers in opposition to summary judgment.
*1166 As to the above, the Brokers correctly point out that on the date the motion for summary judgment was filed, no complaint was of record, it having been dismissed, albeit with leave to amend. In this respect we have independently uncovered the case of Babb v. Lincoln Auto Finance Co., 133 So.2d 566 (Fla. 3d DCA 1961) which held that a summary judgment hearing could not be held until 20 days[2]after the filing of the amended pleading whereas in the instant case only 14 days elapsed. However in Babb the amended pleading contemplated a whole new cause of action, new defendants, and "constituted an abandonment of the original complaint." By contrast we have studied the amendment filed in the instant case and find no substantive difference between the two. Further, far from adding new defendants the instant amendment drops several of them and abandons some of the counts. The bottom line is still the same for both complaints: Namely the Brokers want a commission upon the theory of breach of contract. Accordingly although the filing of the motion for summary judgment addressed to an already dismissed complaint was procedural error, resulting in only 14 days notice as to the second amendment, we find no prejudice to the Brokers who did have a full 20 days' notice of the impending hearing and of the supporting affidavits.
We have also considered the Brokers' argument that there were no pleadings pending on the date that the motion for summary judgment was filed and, therefore, the court could not consider the motion with reference to a later filed amendment regardless of whether 20 days had elapsed or not because, as the Brokers claim in their brief on appeal, they could not adequately prepare, being unable to ascertain which complaint would be argued at the hearing. This discrepancy might indeed constitute reversible error, but we have no record of it being raised at the trial level prior to the grant of the summary judgment. To the contrary, the only record action by the Brokers was a motion for a continuance addressed solely to the Game Preserve's motion to strike and dismiss the second amended complaint. For all the record shows, up to the time of the summary judgment, the Brokers neither made, nor preserved, any objection to the summary judgment hearing per se. Moreover they concede in their briefs that it was the later second amended complaint that was argued at that hearing. Accordingly, we are of the opinion that the defect was waived or in any event has not been preserved for appeal. See Applegate v. Barnett Bank, supra.
Turning now to subsequent events, the Brokers filed a timely petition for rehearing six days after the entry of the summary judgment. They then filed a memorandum of law two days later on December 9th, and with it affidavits in opposition to the summary judgment already entered eight days before. Both parties on appeal refer only fleetingly to these late filed affidavits and this appeal is certainly not predicated on them. Nonetheless, we discuss these affidavits *1167 in the light of a previous decision out of the Fourth District.[3]
We have not examined the affidavits to discover whether or not they create genuine issues as to material fact because we are of the opinion that they were filed too late. Florida Rule of Civil Procedure 1.510(c) requires all counter-affidavits to be served on the day prior to the hearing, yet the instant counter-affidavits were not filed until eleven days after the hearing. Were we to hold that affidavits could be filed late and that a trial judge never had discretion to refuse them, we would effectively destroy what little the Appellate Courts have left of the summary judgment procedure. In this regard we are directed to our own opinion in Hatmaker v. Advance Mortgage Corporation, 351 So.2d 728 (Fla. 4th DCA 1977), cert. den. 362 So.2d 1050 (Fla. 1978), which might well be construed to require a trial judge to permit late filing. However, in Hatmaker the court noted that it was "debatable whether at the time the summary judgment was initially granted, the defendant ... had met the burden of showing that there were no genuine issues of fact." This being so, we agree with the Hatmaker result regardless of the late filed affidavits.
Nonetheless, insofar as Hatmaker holds it an abuse of discretion for a trial judge to refuse to admit affidavits filed with a motion to rehear the granting of a summary judgment, we now recede from that holding and align ourselves with the Second District's opinion that it is not an abuse of discretion for a trial judge to hold that an affidavit filed with a petition for rehearing is too late. Gulewicz v. Cziesla, 366 So.2d 507 (Fla. 2d DCA 1979); Willis v. Foster Sportswear Co., 352 So.2d 922 (Fla. 2d DCA 1977).[4]
It is not without difficulty that we reach the result in this case. To do so we have been required to edge our way through a minefield of procedural problems, at both the trial and appellate levels, attributable to all protagonists. In addition, our own infirmities are demonstrated by a partial retreat from one of our prior rulings. Nonetheless, we remain convinced that it is not a reviewing court's function to somehow always provide relief from defects occasioned by opposing counsel unless the appellant both demonstrates, and properly preserves, prejudicial error.
We find the remaining point on appeal to be without merit.
AFFIRMED.
DOWNEY, JAMES C. and MOORE, JOHN H., II., Associate Judges, concur.
NOTES
[1] More on this later.
[2] This 1961 case interpreted the 10 days notice required under the old rule rather than 20. However, the principle is the same.
[3] Technically, this opinion is written for the newly created Fifth District but the panel is entirely composed of Judges from the Fourth District.
[4] We are not unaware of Holl v. Talcott, 191 So.2d 40 (Fla. 1966). However, we are in full agreement with the Second District's explanation of it set forth on pages 923 and 924 of the opinion in Willis v. Foster, supra.