405 So.2d 1044 (1981)
Richard H. WISKEMAN, III, Appellant,
v.
FIRST BANK OF HOLLYWOOD BEACH, a Florida Banking Association, Appellee.
No. 81-639.
District Court of Appeal of Florida, Third District.
November 10, 1981.
*1045 Britton, Cohen, Kaufman, Benson & Schantz and John T. Kinsey, Miami, for appellant.
No appearance for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
We reverse the summary final judgment entered against Wiskeman upon a holding that the trial court erred in refusing to consider Wiskeman's affidavit and deposition testimony filed with his timely motion for rehearing of the judgment, Hatmaker v. Advance Mortgage Corporation, 351 So.2d 728 (Fla. 4th DCA 1977); Berrol v. Concord Florida, Inc., 305 So.2d 310 (Fla.3d DCA 1975); National Properties, Inc. v. Ballenger Corporation, 277 So.2d 29 (Fla.3d DCA 1973); Fernandez v. Cunningham, 268 So.2d 166 (Fla.3d DCA 1972); see Holl v. Talcott, 191 So.2d 40 (Fla. 1966); but see Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 381 So.2d 1164 (Fla. 5th DCA 1980); Gulewicz v. Cziesla, 366 So.2d 507 (Fla.2d DCA 1979); Willis v. L.W. Foster Sportswear Co., Inc., 352 So.2d 922 (Fla.2d DCA 1977) (all holding that the trial court should reject affidavit filed on rehearing of summary judgment unless exigent circumstances exist to excuse the late filing), which affidavit and depositions supported Wiskeman's appropriate affirmative defenses that he was not liable on his personal guaranty of a corporation's loan obligation because (a) he had revoked the guaranty, see Miami National Bank v. First International Realty Investment Corporation, 364 So.2d 873 (Fla.3d DCA 1978); and (b) the bank had abandoned its reliance on the guaranty, see Burt v. Community National Bank of Bal Harbour, 142 So.2d 118 (Fla.3d DCA 1962), and raised issues of material fact precluding summary judgment for the bank, Johnson & Kirby, Inc. v. Citizens National Bank of Fort Lauderdale, 338 So.2d 905 (Fla.3d DCA 1976); Emile v. First National Bank of Miami, 126 So.2d 305 (Fla.3d DCA 1961).
Reversed and remanded.