421 So.2d 820 (1982)
Paul M. LENNERTZ and Richard B. Dwyer, Appellants,
v.
Dennis DORSEY and City of Lake Worth, Appellees.
No. 81-1659.
District Court of Appeal of Florida, Fourth District.
November 17, 1982.
*821 Montgomery, Lytal, Reiter, Denney, & Searcy, P.A., West Palm Beach, and Edna L. Caruso, West Palm Beach, for appellants.
Robert D. Halstead, Jr., of Bratten & Harris, P.A., West Palm Beach, for appellee, Dorsey.
Michael J. Kennedy of Peterson & Fogarty, P.A., West Palm Beach, for appellee, City of Lake Worth.
PER CURIAM.
Plaintiffs appeal from the final summary judgment entered in favor of defendants in a slander action. We conclude that the motion for summary judgment was properly granted under the state of the record when the motion was initially presented to the trial judge. Thereafter, a motion for rehearing was filed by plaintiffs and certain factual affidavits were attached. The trial court relied upon Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 381 So.2d 1164 (Fla. 5th DCA 1980), and refused to consider these late affidavits. A somewhat contrary rationale is espoused in Hatmaker v. Advanced Mortgage Corp., 351 So.2d 728 (Fla. 4th DCA 1977), cert. denied, 362 So.2d 1050 (Fla. 1978), which held it an abuse of discretion for a trial judge to refuse to admit affidavits filed with a motion for rehearing. In its recent decision in Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 413 So.2d 1 (Fla. 1982), the Supreme Court has resolved all doubts by holding that a trial judge does not abuse his discretion in refusing to consider late affidavits filed with a motion for rehearing. In the instant case, the trial court found an absence of any compelling reasons or exigent circumstances which might excuse the tardiness of the affidavits. The court acted properly and the summary judgment is affirmed.
AFFIRMED.
BERANEK, HERSEY and DELL, JJ., concur.