459 So.2d 1132 (1984)
Steven J. KROUSE, Personal Representative of the Estate of Jeffrey B. Krouse, a Minor, Deceased, Appellant,
v.
AVIS RENT-a-CAR SYSTEM, Inc., Etc., David Signore, Nancy Signore, et al., Appellees.
No. 84-925.
District Court of Appeal of Florida, Third District.
November 20, 1984.
Rosenblatt, Arnowitz & Roth and Domingo Rodriguez, Miami, for appellant.
George, Hartz, Burt & Lundeen and Michael I. Goldberg, Dube & Wright and Richard Gale, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
PER CURIAM.
After carefully considering the record and briefs in this wrongful death case, we conclude that the trial court committed no error in (1) entering the final summary judgment under review in favor of the defendant David Signore and the defendant Avis Rent-A-Car System, Inc., and (2) subsequently denying the plaintiff Steven J. Krouse's petition for rehearing. We reach this conclusion for two reasons.
First, we are convinced that only speculative, rather than genuine, issues of material fact are raised by this record. The evidence is undisputed that on August 24, 1980, the defendant David Signore was operating a motor vehicle, which he had rented from the defendant Avis Rent-A-Car System, Inc.; he was driving within the speed limit in his lane of travel on state road 60 in Polk County, Florida. A motor vehicle, in which the plaintiff's decedent was riding as a passenger, was traveling in the opposite direction in the adjoining lane, on the same highway. The plaintiff's vehicle, without dispute, suddenly swerved into the lane of travel of the defendant David Signore, resulting almost immediately in the fatal automobile collision herein.
The plaintiff's decedent argues that genuine issues of material fact are raised as to whether the defendant David Signore had sufficient time to avoid the accident in question. The driver of the motor vehicle who was traveling behind the Signore vehicle *1133 estimates that it took, at most, from five to ten seconds for the plaintiff vehicle to show signs of losing control and then come across to the wrong side of the road. Even if correct, it is pure speculation to conclude that the Signore vehicle could have done anything during that time to avoid the collision. The arguments made by the plaintiff's decedent that perhaps the Signore vehicle was traveling too fast under existing weather conditions and that perhaps he might have had enough time to avoid the accident had he not been traveling at that rate of speed are also pure conjecture. The Signore vehicle was traveling within the speed limit in its lane of travel and was suddenly struck nearly head-on by a car coming in the opposite direction; nothing in this record remotely suggests that Signore could have done anything to avoid this accident. See Rawls v. Zeigler, 107 So.2d 601, 608 (Fla. 1958); Johnson v. Gulf Life Insurance Co., 429 So.2d 744, 746 (Fla. 3d DCA 1983); Colon v. Lara, 389 So.2d 1070, 1072 (Fla. 3d DCA 1980); compare Lee v. Dunnigan, 384 So.2d 165, 166 (Fla. 2d DCA 1980) (positive testimony of twenty to thirty seconds reaction time under similar conditions raises a genuine issue of fact).
Second, we think the trial court was well within its discretion in denying the plaintiff's motion for rehearing and in rejecting the affidavit filed in connection therewith. The affidavit was untimely filed and was, in any event, entirely speculative. The trial court therefore committed no error in denying the petition for rehearing. See Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 413 So.2d 1 (Fla. 1982), adopting, 381 So.2d 1164 (Fla. 5th DCA 1980); Stolzenberg v. Forte Towers South, Inc., 430 So.2d 558, 559 (Fla. 3d DCA 1983); Morgan v. Continental Casualty Co., 382 So.2d 351, 353 (Fla. 3d DCA 1980); Gulewicz v. Cziesla, 366 So.2d 507, 508 (Fla. 2d DCA 1979). The final summary judgment under review is in all respects
Affirmed.