588 So.2d 1066 (1991)
JAMES A. CUMMINGS INC. and James Hoke Brooks, Appellants,
v.
William E. LARSON and Susan Mark Timmins, Appellees.
Nos. 90-1768, 90-2249.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
*1067 Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellants.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellee  Susan Mark Timmins.
David B. Mishael of David B. Mishael, P.A., Miami, for appellee  William E. Larson.
FARMER, Judge.
A left-turning truck collided with a through automobile injuring a passenger in the automobile. After impact, the driver of the truck apologized for the accident, saying that he couldn't see the passenger's auto because his view was obstructed by a previous left turning auto. The passenger sued the owner and driver of the truck who in turn impleaded the driver of the passenger's automobile. The trial judge granted the passenger's motion for summary judgment on liability and a later, similar motion filed by the impleaded driver. We affirm.
Approximately 14 months after the accident, the passenger was referred to a neurologist for treatment of his injuries. In an initial file note by the neurologist, he wrote: "he was a passenger in the front seat and they hit a truck going 55 m.p.h." The doctor testified in a deposition that he did not rely on that information in treating his patient and that it had nothing to do with his management of the case. In a motion for rehearing after the court had already granted plaintiff's motion for summary judgment on liability, appellants newly proffered evidence from an accident reconstruction expert to the effect that the driver of the through auto was at least partially responsible for the accident because her speed was at least 6 miles over the speed limit of 45 mph.
Appellants argue that the passenger had a duty to warn the driver to slow down, citing Gavel v. Girton, 183 So.2d 10 (Fla. 2d DCA 1966). The general rule, however, is that the negligence of the driver is not imputable to the passenger in the absence of proof of agency or joint enterprise. Bessett v. Hackett, 66 So.2d 694 (Fla. 1953). The exception is when the passenger knows, or is charged with knowing, that the driver is not operating the vehicle in a way that is compatible with the safety of his passenger, and the passenger has sufficient time and opportunity to warn or protest.
In Bessett the defendant adduced the testimony of witnesses who said that the passenger's vehicle was traveling 80 mph in the quarter mile before impact. The supreme court found that testimony insufficient to impose a duty on the passenger to give warning or make protest to the driver. Like the expert's estimate here that the speed just before impact was 51 mph, the witnesses in Bessett were able to state the speed of the vehicle only for a relatively short distance before the collision. That distance, as here, did not allow enough time for the passenger to know of the excessive speed and also give warning or protest.
Moreover, the notation in the neurologist's record about the speed of the vehicle is doubly incompetent as evidence of passenger negligence. First, it is unclear from the notation whether it was the truck that was going 55 mph, or the passenger's vehicle. Second, and even if it were clear that the speed referred to the auto rather than the truck, section 90.803(4), Florida Statutes (1989), makes such information in medical records admissible only "insofar as reasonably pertinent to diagnosis or treatment." Visconti v. Hollywood Rental Service, 580 So.2d 197 (Fla. *1068 4th DCA 1991); and Saul v. John D. and Catherine T. MacArthur Foundation, 499 So.2d 917 (Fla. 4th DCA 1986). Here, the unequivocal testimony of the neurologist was that such information was not pertinent to his diagnosis or treatment. Therefore, the note was inadmissible to show that the passenger was negligent.
Turning to the summary judgment in favor of the driver of the passenger's car, the issue centers on the accident reconstruction expert's opinion, for that is the only evidence suggested by appellant to show that the driver of the auto was negligent. She argues, however, that the testimony of the accident reconstruction expert came too late  in the motion for rehearing. Indeed the trial judge refused to consider it because of its tardiness. The motion for summary judgment was served more than six weeks before the hearing, and appellant's motion for rehearing does not say why it was not able to produce such evidence before the summary judgment hearing.
In Anderson v. AAMCO Transmissions of Brevard Inc., 265 So.2d 5 (Fla. 1972), the court said:
When a motion for summary judgment is granted and the party against whom it was filed petitions for rehearing, the trial court's normal discretion in such matters is narrowed and every disposition should be indulged in favor of granting the motion. Only after it has been conclusively shown that the party moved against cannot offer proof to support his position on the genuine and material issues in the cause should his right to trial be foreclosed.
265 So.2d at 7; see also Holl v. Talcott, 191 So.2d 40 (Fla. 1966)
But the supreme court also later approved  and adopted as its own opinion  the decision in Coffman Realty Inc. v. Tosohatchee Game Preserve Inc., 381 So.2d 1164 (Fla. 5th DCA 1980), approved, 413 So.2d 1 (Fla. 1982). There a panel of judges of this court held that trial judges have discretion to determine whether evidence in opposition to an already granted summary judgment comes too late in a motion for rehearing. As Judge Letts wrote:
Were we to hold that affidavits could be filed late and that a trial judge never had discretion to refuse them, we would effectively destroy what little the Appellate Courts have left of the summary judgment procedure.
381 So.2d at 1167.
We apply the now often-heard incantation that discretionary rulings of trial judges may not be disturbed on appeal unless the appellant shows that no reasonable judge would have decided the issue as the trial judge did. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and Mercer v. Raine, 443 So.2d 944 (Fla. 1983). There is no abuse of discretion in refusing to accept an expert's opinion presented for the first time in a motion for rehearing where the party had more than six weeks to prepare for the summary judgment hearing in the first place.
Both summary judgments are
AFFIRMED.
GARRETT, J., concurs.
STONE, J., concurs in part; dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
The trial court refused appellants' request for a continuance needed to obtain expert's affidavit. In my judgment, the refusal to allow the defendants to use the late filed affidavit was an abuse of discretion. Counsel explained to the court that he had not known the location of the vehicle that the expert was to examine and that he previously sought that information by a subpoena of records but the information was mistakenly sent to opposing counsel. Rule 1.510(f), Florida Rules of Civil Procedure, allows summary judgment hearings to be continued in order to obtain affidavits or depositions.
The defendants submitted the expert affidavit nine days later contending that the plaintiff had been speeding (albeit only six miles per hour over the posted limit). This *1069 supported their claim that the totality of the circumstances reflected some degree of comparative negligence by the plaintiff. The cause was not delayed in any way by counsel's request. Moreover, this was not an old case; it had been filed only a few months earlier, and no pretrial order of any sort had been entered. No explanation is discernible from the record for the court's denying the continuance of the summary judgment hearing other than a statement by the court comparing accident reconstruction experts with psychiatrists. I would therefore reverse as to this issue. In all other respects, I concur.