691 So.2d 600 (1997)
SAPPHIRE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
AMERIVEND CORPORATION, Appellee.
No. 96-2112.
District Court of Appeal of Florida, Fourth District.
April 16, 1997.
*601 Eugene Lewis and Robert Garvin, Sunrise, for appellant.
Stephen L. Vinson, Jr. of Stephen L. Vinson, Jr., P.A., Miami, for appellee.
SHAHOOD, Judge.
This appeal arises from a dispute over a laundry space lease agreement between Sapphire Condominium Association and Amerivend Corporation, a coin-operated laundry vendor. The trial court granted summary judgment in favor of appellee Amerivend and denied Sapphire's motion for rehearing. We find that the trial court's failure to consider Sapphire's counter-affidavit at the motion for rehearing to be an abuse of discretion as significant issues of material fact were raised.
Sapphire filed a two-count complaint against Amerivend seeking damages and declaratory relief. Amerivend leased laundry room space from the condominium association and furnished washer and dryer equipment for usage by the condominium residents for several years. Under a new lease agreement, Amerivend, the lessee, agreed "[t]o furnish and install in the demised Premises commercial washers and dryers (Equipment) in a number which is sufficient for the use of the residents of the Complex, and to set Equipment use charges, all as solely determined by the Lessee in accordance with current community standards." In consideration for the installation of new equipment, Sapphire agreed to an increase in the use of the equipment from 50 cents to 75 cents per load. Several months later, Sapphire was notified that due to increases in costs and in accordance with the provisions of the lease agreement, the vending rates for use of the machines would increase to $1.00.
Sapphire filed suit contesting Amerivend's ability to increase the cost for use of the coin-operated machines, alleging the Amerivend failed to provide a definition of "current community standards" under the provision of the lease agreement, in order to determine Amerivend's legal right to increase the vending rates.
Amerivend moved for summary judgment, and in support thereof, filed an affidavit from its service manager, listing three laundry room locations surveyed in order to determine if the $1.00 vending price was in line with "current community standards." However, these locations were in Lauderhill, and not Lauderdale Lakes, where Sapphire was located. Sapphire did not tender any counter affidavits or other evidence. The trial court, without determining the meaning of "current community standards," granted summary judgment in favor of Amerivend.
Sapphire timely moved for rehearing, and in support of its motion, filed a counter-affidavit from Sapphire's president, who surveyed sixteen condominium laundry rooms in and around Lauderdale Lakes for the purpose of determining the vending prices. While this counter-affidavit raised significant issues of material fact, the trial court nevertheless denied the motion for rehearing.
While the grant or denial of a motion for rehearing is a matter within the sound discretion of the trial court it is never an arbitrary discretion. Holl v. Talcott, 191 So.2d 40, 46 (Fla.1966). Only after it is conclusively shown that the party against whom summary judgment has been entered cannot offer proof to support its position on the genuine and material issues in the cause should its right to trial be foreclosed. Holl, 191 So.2d at 47. Under the facts of this case, we find the trial court's denial of the motion for rehearing to be an abuse of discretion. Thus, summary judgment was improper and this matter is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
KLEIN and GROSS, JJ., concur.