914 So.2d 1094 (2005)
Kathleen PANGILINAN, as Personal Representative of the Estates of Lauren Pangilinan, a deceased minor, and Michael Pangilinan, deceased, and for Kathleen Pangilinan, parent of Lauren Pangilinan, and wife of Michael Pangilinan, individually, Appellant,
v.
BROWARD COUNTY, Florida and the City of Ft. Lauderdale, a municipal corporation, Appellees.
No. 4D04-1213.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
*1095 Lauri Waldman Ross and Theresa L. Girten of Lauri Waldman Ross, P.A., Miami and Allison & Robertson, P.A., Miami, for appellant.
Andrew J. Meyers, Chief Appellate Counsel and James D. Rowlee, Assistant County Attorney, Fort Lauderdale, for Appellee-Broward County.

EN BANC
TAYLOR, J.
Kathleen Pangilinan, the plaintiff below, appeals an adverse summary final judgment dismissing her negligence action against appellee, Broward County ("County"), based on her failure to provide pre-suit notice to the Department of Insurance under section 768.28(6), Florida Statutes. We affirm, and in so doing, we recede from Sapphire Condominium Association v. Amerivend Corp., 691 So.2d 600 (Fla. 4th DCA 1997), and Bridgeport Inc. v. Rinker Materials Corp., 849 So.2d 1193 (Fla. 4th DCA 2003).
The plaintiff sued the County in August 2002, alleging that, as a result of the County's negligence in designing and maintaining its roadway, her husband and daughter died from injuries sustained in a car accident on May 21, 2000. The County answered the complaint, asserting various affirmative defenses. It asserted that Pangilinan failed to comply with the notice *1096 requirements set forth in section 768.28. During discovery, the County requested that the plaintiff produce any documents showing timely notice to the Department of Insurance. However, the plaintiff did not come forward with any such documentation. As a result, the County moved for summary judgment based on the plaintiff's failure to provide pre-suit notice to the Department under section 768.28(6).
At no time prior to or during the summary judgment hearing did the plaintiff submit any affidavits or other counter-evidence in opposition to the summary judgment motion. Nor did she request a continuance or additional time to present any counter-evidence, as permitted by Florida Rule of Civil Procedure 1.510(f).[1] Based on the County's uncontradicted affidavit indicating that notice had not been given to the Department under section 768.28(6)(a), the trial court granted summary judgment in the County's favor.[2]
The plaintiff timely moved for rehearing and, in support thereof, submitted a counter-affidavit in which her trial counsel stated that his office's "computer records showed that notice was sent to the Florida Department of Insurance" within the three-year statutory period. The plaintiff's counsel also stated that, although he was unable to locate a hard copy of the notice in his file, his "normal office procedure," if followed, would have resulted in notice being sent to the Department. However, he made no attempt on rehearing to explain why the counter-affidavit was not filed before the summary judgment motion was considered. The trial court denied rehearing and entered final judgment in the County's favor.
On appeal, the plaintiff argues that the trial court erred in awarding final summary judgment in favor of Broward County because a genuine issue of material fact was created once she submitted an affidavit in support of her motion for rehearing. The plaintiff relies mainly on two cases from our court, wherein we held that it was an abuse of discretion for the trial court to refuse to consider affidavits submitted for the first time on rehearing.
In Sapphire Condominium Assn. v. Amerivend Corp., 691 So.2d 600 (Fla. 4th DCA 1997), the non-movant on summary judgment did not submit any counter-evidence until rehearing. We stated that the trial court's failure to consider the counter-affidavit was an abuse of discretion under Holl v. Talcott, 191 So.2d 40 (Fla.1966):
While the grant or denial of a motion for rehearing is a matter within the sound discretion of the trial court it is never an arbitrary discretion. Holl v. Talcott, 191 So.2d 40, 46 (Fla.1966). Only after it is conclusively shown that the party against whom summary judgment has been entered cannot offer proof to support its position on the genuine and material issues in the cause should its right to trial be foreclosed. Holl, 191 So.2d at 47. Under the facts of this case, we find the trial court's denial of the motion for rehearing to be an abuse of discretion. Thus, summary judgment was improper and this matter is remanded for proceedings consistent with this opinion.
691 So.2d at 601. Thereafter, in Bridgeport Inc. v. Rinker Materials Corp., 849 *1097 So.2d 1193 (Fla. 4th DCA 2003), we relied solely on Sapphire in holding that a motion for rehearing should have been granted based on the filing of the counter-affidavit with the rehearing motion. Id.
However, at the time we decided Sapphire and Bridgeport, the Florida Supreme Court had reached a different result in Coffman Realty v. Tosohatchee Game Preserve, Inc., 413 So.2d 1 (Fla. 1982). There, the supreme court disagreed with our decision in Hatmaker v. Advance Mortgage Corp., 351 So.2d 728 (Fla. 4th DCA 1977), wherein we held that it was an abuse of discretion for a trial judge to refuse to admit affidavits filed with a motion to rehear the granting of a summary judgment. Instead, the supreme court approved and adopted the opinion of the fifth district in Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 381 So.2d 1164 (Fla. 5th DCA 1980). In that case the fifth district fully aligned itself with the second district's position in Willis v. L.W. Foster Sportswear Co., 352 So.2d 922 (Fla. 2d DCA 1977).[3]
In Willis, as in this case, the non-movant made no attempt prior to the summary judgment hearing to submit any counter-evidence to controvert the movant's affidavit. Id. at 923. After the trial court granted summary judgment in the movant's favor, the non-movant filed a motion for rehearing, and in support thereof, submitted a counter-affidavit creating material issues of fact. Id. The trial court denied rehearing, and the second district affirmed, holding that absent any "exigent circumstances" which might excuse the tardiness of the counter-affidavit, a trial court does not abuse its discretion in determining that a counter-affidavit presented for the first time on rehearing "is too late." Id. at 923-24. The Willis court also distinguished the supreme court's prior decision in Holl, stating:
It is one thing for a court to receive an amended or supplementary affidavit on a motion for rehearing; it is quite another to allow a nonmoving party to sit back, review the entire proceedings, and not attempt to negate the nonexistence of a material issue of fact until rehearing. Such a procedure certainly is not sanctioned by the rules and is not conducive to the orderly administration of justice.
Id.; see also Lennertz v. Dorsey, 421 So.2d 820 (Fla. 4th DCA 1982) (applying Coffman and upholding the trial court's refusal to consider affidavits filed at the rehearing stage, where the trial court found an absence of any compelling reasons or exigent circumstances which might excuse the tardiness of the affidavits); James A. Cummings, Inc. v. Larson, 588 So.2d 1066 (Fla. 4th DCA 1991) (applying Coffman and holding that there was no abuse of discretion in refusing to accept an expert's opinion presented for the first time in a motion for rehearing, where the party had more than six weeks to prepare for the summary judgment hearing). In this case, the trial court focused on this "adequate time to prepare" factor in rejecting the plaintiff's counter-affidavit presented for the first time on rehearing.
We recede from Sapphire and Bridgeport because they are inconsistent with the Florida Supreme Court's decision in Coffman. We hold that a trial court does not abuse its discretion in determining that a counter-affidavit presented for the first time on rehearing of a summary judgment is too late.
Here, on summary judgment, the County submitted an affidavit demonstrating *1098 that the plaintiff failed to present written notice of her negligence claims to the Department of Insurance within the three-year period as required by section 768.28(6)(a), Florida Statutes. Although the plaintiff had nearly three (3) months to prepare for the summary judgment hearing, she failed to submit any evidence in opposition to the motion prior to the hearing. The critical and only counter-affidavit was submitted for the first time in support of a motion for rehearing. As in Coffman, Lennertz, and Larson, there are no compelling reasons or exigent circumstances excusing the tardiness of the plaintiff's counter-affidavit. See Larson, 588 So.2d at 1068 (holding that where, after having ample opportunity to prepare for a summary judgment hearing, a party submits untimely counter-evidence on rehearing without even attempting to explain the reason for its tardiness, the trial court acts well within its discretion in refusing to consider that counter-evidence); Jarrett v. Publix Supermarkets Inc., 609 So.2d 154, n. 1 (Fla. 5th DCA 1992) (holding that one cannot breathe life into a belated opposing affidavit by filing a motion for rehearing and insisting that the trial court consider the later affidavit at that hearing). Moreover, the plaintiff did not present the sort of technical defect which Holl and its progeny said could be curable. Accordingly, there was no abuse of discretion in the trial court's denial of the motion for rehearing.
Affirmed.
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, FARMER, KLEIN, SHAHOOD, GROSS, HAZOURI and MAY, JJ., concur.
NOTES
[1] The rule provides that when a party opposing summary judgment "cannot for reasons stated present by affidavit facts essential to justify opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just."
[2] A transcript of the summary judgment hearing was not included in the record.
[3] The opinion in Coffman was written for the newly created fifth district but the panel was entirely composed of judges from the fourth district. See Coffman, 381 So.2d at 1167 n. 3.