TAYLOR, J.
Personal representatives of the Estate of Jennie Dalrymple appeal a final summary judgment entered against them in this wrongful death action arising from an automobile accident that occurred at an intersection in Broward County, Florida. We reverse, concluding that the trial court abused its discretion in denying appellants’ motion for rehearing to consider an opposing expert affidavit that was previously unavailable due to delays caused by Hurricane Wilma.
On September 11, 2003, Jennie Dalrym-ple ran a stop sign at the intersection of Northwest 50th Street and Hiatus Road in Broward County. She collided with a twenty-four foot flatbed truck driven by defendant Anthony Franzese. Dalrymple was killed in the accident. Franzese testified at his deposition that at the time of the accident he was driving within the 40 m.p.h. speed limit, but, despite his efforts, was unable to avoid the collision.
On November 8, 2004, appellants sued appellees Franzese and MMI Products, Inc. for wrongful death. On August 9, 2005, appellees moved for summary judgment, based on the affidavits of Franzese and an eyewitness. At that time, appellants had deposed Franzese and engaged in other discovery, but had not yet taken the deposition of two eyewitnesses, Franzese’s employer, the investigating *1242 homicide officer, and appellants’ expert in accident reconstruction. In addition, appellants were still waiting for an evidentia-ry hearing to be held on their motion to enforce settlement. On October 24, 2005, Hurricane Wilma hit South Florida and caused widespread power outages for many days thereafter.
The motion for summary judgment was set for November 10, 2005. Before the hearing, appellants’ counsel moved for a continuance and requested an additional ninety days to complete discovery. He explained that their accident reconstruction expert had been unable to contact the investigating homicide officer due to the hurricane and needed to do so for his affidavit regarding Franzese’s vehicular speed and reaction time. The trial court denied the motion for continuance and entered summary judgment in favor of appel-lees.
Six days later, counsel for appellants filed his own affidavit, stating that he had planned to file an affidavit from accident reconstruction expert Miles Moss before the summary judgment hearing, but, because of Hurricane Wilma and its aftermath, Moss was unable to meet with the investigating officer and complete his investigation and affidavit before the hearing. Appellants moved for rehearing, attaching Moss’s affidavit, which confirmed his difficulties due to the storm and stated that, based on his investigation, the defendant’s speed upon entering the intersection was in excess of the speed limit and too fast for traffic conditions. The trial court denied the motion for rehearing.
The standard of review of a summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 180 (Fla.2000). Summary judgment is appropriate where the evidence of record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Id.; Fla. R. Civ. P. 1.510(c) (2005). In a negligence case, unless the defendant can show that there was no negligence or that plaintiffs negligence was the sole proximate cause of the injury, courts will not grant summary judgment. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977). Here, the evidence of record at the time of the summary judgment hearing supported the granting of the motion.
“The granting or denial of rehearing is a matter within the sound discretion of the trial court, but it is never an arbitrary discretion.” Holl v. Talcott, 191 So.2d 40, 46 (Fla.1966). In Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 413 So.2d 1 (Fla.1982), the Florida Supreme Court adopted the fifth district’s opinion in that case, stating that “it is not an abuse of discretion for a trial judge to hold that an affidavit filed with a petition for rehearing is too late.” Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 381 So.2d 1164, 1167 (Fla. 5th DCA 1980). In our recent en banc decision in Pangilinan v. Broward County, 914 So.2d 1094, 1097 (Fla. 4th DCA 2005), we followed Coffman in affirming the trial court’s denial of a motion for rehearing of a summary judgment. In Pangilinan, the plaintiff submitted her counter-affidavit for the first time on rehearing. We concluded that the trial court did not abuse its discretion in refusing to consider the late-filed affidavits. Receding from earlier cases, we held that “a trial court does not abuse its discretion in determining that a counter-affidavit presented for the first time on rehearing of a summary judgment is too late.”
Although Pangilinan does hold that a trial court has discretion to disregard an affidavit filed for the first time on rehearing, it does not state that this discretion *1243 cannot be abused when it refuses to consider such an affidavit where compelling reasons or exigent circumstances explain its late fifing. See Pangilinan, 914 So.2d at 1098 (pointing out the absence of “compelling reasons or exigent circumstances excusing the tardiness” in finding no abuse of discretion); Willis v. L.W. Foster Sportswear Co., 352 So.2d 922, 924 (Fla. 2d DCA 1977) (trial court did not abuse discretion in excluding affidavit where no exigent circumstances were shown as justification for late fifing); see also Lennertz v. Dorsey, 421 So.2d 820, 821 (Fla. 4th DCA 1982) (noting that trial court had found no compelling reasons or exigent circumstances which might excuse tardiness).
Here, it appears that the trial court refused to consider the affidavit of appellants’ accident reconstruction expert on rehearing because of its late fifing. In fight of the extraordinary circumstances in this case, we believe the trial court abused its discretion in doing so. Holl v. Talcott reminds us that “summary judgment procedures should be applied with special caution in negligence actions,” and that the parties against whom a summary judgment has been entered should be accorded liberal treatment on rehearing. 191 So.2d at 46.
Accordingly, we reverse the denial of the motion for rehearing and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

STEVENSON, C.J., and WARNER, J., concur.