DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUTH A. GREEN,**
Appellant,

v.

**RICHARD ROCKEFELLER-SILVIA,**
Appellee.

No. 4D22-226

[March 1, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502018CA004256XXXXMB.

Richard S. Lubliner of Lubliner Law PLLC, West Palm Beach, for appellant.

No brief filed for appellee.

PER CURIAM.

Appellant Ruth Green sued multiple defendants in the circuit court over a failed investment in a horse. Her fourth amended complaint alleged ten counts, such as breach of contract, fraud in the inducement, breach of fiduciary duty, and civil theft. Representing himself, one of the defendants, appellee Richard Rockefeller-Silvia, moved for summary judgment.

The circuit court granted Rockefeller-Silvia's motion for summary judgment, ruling that he had "provided evidence of non-liability and refuting plaintiff's claims against him. Plaintiff in turn has failed to provide any record evidence to support her allegations."

On appeal, Green contends that genuine issues of material fact precluded summary judgment. She points to record evidence which she refers to as "sworn statements" in opposition to the motion. However, they were not sworn statements, just a "Statement of Facts as to Which it is Contended Genuine Issues of Material Fact Exist," which was signed only by her attorney. At the time the court ruled on the motion for summary

judgment, nothing in the record amounted to a supporting factual position contemplated by Florida Rule of Civil Procedure 1.510(c)(1). *See Mane FL Corp. v. Beckham*, 48 Fla. L. Weekly D86, at *8 (Fla. 4th DCA Jan. 4, 2023) (finding no abuse of discretion in trial court's determination "that a counter-affidavit presented for the first time on rehearing of a summary judgment is too late") (quoting *Pangilinan v. Broward Cnty.*, 914 So. 2d 1094, 1097 (Fla. 4th DCA 2005)).

The circuit court's ruling, based on the absence of record evidence, was correct. In affirming, we do not pass on the viability of any of the causes of action as to the remaining defendants.

*Affirmed.*

GROSS, CONNER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**