# Third District Court of Appeal

## State of Florida

Opinion filed January 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0702
Lower Tribunal No. 15-27021
_____


**ARI Financial Services, Inc.,**
Appellant/Cross-Appellee,

vs.

**Crystal Capital Fund Series, LLC,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Kopelowitz Ostrow Ferguson Weiselberg Gilbert, and Benjamin R. Muschel (Fort Lauderdale), for appellant/cross-appellee.

Krinzman Huss Lubetsky Feldman & Hotte, and Cary A. Lubetsky and Lynette Ebeoglu McGuinness, for appellee/cross-appellant.


Before EMAS, FERNANDEZ and BOKOR, JJ.

EMAS, J.

## INTRODUCTION

Ari Financial Services, Inc. appeals a summary final judgment in favor of defendant below, Crystal Capital Fund Series, LLC.  Crystal cross-appeals a post-judgment order denying its motion to tax costs.  For the reasons that follow, we affirm the final summary judgment in favor of Crystal (and the order denying the motion for rehearing) and reverse the order denying Crystal's motion to tax costs.

## FACTS AND PROCEDURAL HISTORY

Ari Financial Services, Inc. ("Ari") is a placement agent, whose purpose is to introduce potential investors to certain hedge funds, and to solicit those potential investors to invest in the hedge fund. In 2010, Ari and Crystal Capital Fund Series, LLC. ("Crystal") entered into a "Placement Agreement," under which Ari agreed to introduce investors to Crystal in exchange for a placement fee.  Importantly, this 2010 Agreement also provided that, upon its termination, Crystal would continue to compensate Ari for any clients obtained prior to termination who continued to be subscribed in the fund after termination (the "Continuing Placement Fee").

Ari performed under the 2010 Agreement, introducing fourteen investors to Crystal. In January 2014, Crystal terminated the 2010 Agreement. Thereafter, in March 2014, the parties negotiated and entered

into a new agreement. The 2014 Agreement provided for a different fee structure, but also eliminated the Continuing Placement Fee requirement.

The 2014 Agreement contained a merger clause and, in addition, the parties allegedly agreed to an Addendum to the 2014 Agreement, which provided that the 2010 Agreement was incorporated only to the extent that the 2010 fee structure would apply to the investors obtained during the term of the 2010 Agreement and that "All other aspects of the relationship between the Fund and the Placement Agent will be governed by the active placement agreement."

In November 2014, Crystal terminated the 2014 Agreement. When Crystal failed to pay the Continuing Payment Fee for the investors who had been introduced during the term of the 2010 Agreement ("the Accrued Obligations"), Ari filed suit against Crystal, claiming it had breached the 2010 Agreement.

In its complaint, Ari sought compensatory damages in the amount of $400,000 in unpaid fees under the 2010 Agreement. It alleged counts for (I) breach of contract; (II) breach of covenant of good faith and fair dealing; (III) accounting; (IV) constructive trust; and (V) quantum meruit.

Crystal contended that the 2014 Agreement governed because it was the most recent contract between the parties and contained a merger clause.

The trial court dismissed counts III (accounting), IV (constructive trust) and V (quantum meruit). Thereafter, Crystal answered count I (breach of contract) and count II (breach of covenant of good faith and fair dealing), and later moved for summary judgment, continuing to assert that the merger clause in the 2014 Agreement governed, that the 2010 Agreement was extinguished by the 2014 Agreement, and that Crystal therefore could not have breached the 2010 Agreement or breached the covenant of good faith and fair dealing, as alleged in the remaining counts of the complaint.

Crystal further contended that the Addendum "removes any doubt that the subject matter of the 2010 Placement Agreement and the 2014 Placement Agreement are the same," and thus, that "the merger and integration clause [in the 2014 Agreement] extinguished all other provisions of the 2010 Placement Agreement, including the provision for payment of placement fees after termination of the Placement Agreement."

Ari responded to the summary judgment motion and filed its cross-motion for summary judgment, asserting the 2014 Agreement did not modify, amend or have any connection with the 2010 Agreement. Thus, it argued, Crystal remained obligated to pay the Continuing Payment Fee.

After conducting hearings on the motion and cross-motion, the trial court granted Crystal's motion for summary judgment and denied Ari's cross-

4

motion. The trial court determined that, although the merger clause in the 2014 Agreement did not eliminate the Continuing Placement Fee agreed to in the 2010 Agreement, the terms of the Addendum to the 2014 Agreement provided that, upon termination of the 2014 Agreement, Crystal was no longer required to pay a Continuing Placement Fee to Ari for any of the investors (acquired from 2010 forward). Thus, the trial court concluded, Crystal was entitled to summary judgment on counts I and II of Ari's complaint.

Ari moved for rehearing. Crystal moved to tax costs. Two and a half years later, the successor judge entered a sua sponte "Order Resolving all Post Judgment Motions." The order denied Ari's motion for rehearing and also denied (without elaboration) Crystal's motion to tax costs. This appeal and cross-appeal followed.

## ANALYSIS AND DISCUSSION

### 1. Ari's Appeal of Final Summary Judgment in Favor of Crystal

On appeal, Ari argues that the trial court erred in granting summary judgment in favor of Crystal in two respects: (1) in overlooking the requirement in the Agreements that any modification be written and signed by both parties; and (2) in considering Crystal's arguments (regarding

exceptions to contract principles) raised by Crystal for the first time at summary judgment.

We do not reach the merits of these claims because Ari raised both of these issues for the first time in its motion for rehearing. A trial court's ruling on a motion for rehearing is reviewed for an abuse of discretion, Beacon Hill Homeowners Ass'n, Inc. v. Colfin AH-Florida 7, LLC, 221 So. 3d 710 (Fla. 3d DCA 2017), and this court has consistently held, as a general proposition,[1] that "[a] trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have [been], but wasn't, raised in the initial motion or at the initial hearing." Bank of Am., N.A. v. Bank of New York Mellon, 338 So. 3d 338, 341 n.2 (Fla. 3d DCA 2022). See also Prime Prop. & Cas. Ins., Inc. v. Allied Trucking of Fla., Inc., 388 So. 3d 868 (Fla. 3d DCA 2023); Montalvo v. Rovirosa, 386 So. 3d

---

[1] While there have been rare instances in which an abuse of discretion was found in light of "exigent circumstances" or "compelling reasons" for raising a new issue for the first time on rehearing, the instant case presents no such circumstances or reasons. See, e.g., AC Holdings 2006, Inc. v. McCarty, 985 So. 2d 1123 (Fla. 3d DCA 2008) (holding that "compelling or exigent circumstances existed" and the trial court abused its discretion in denying a motion for rehearing premised upon a late-filed affidavit in opposition to the motion for summary judgment); Dalrymple v. Franzese, 944 So. 2d 1240, 1243 (Fla. 4th DCA 2006) (wherein the court reaffirmed the general principle above but held that the trial court abused its discretion in denying the motion for rehearing because it refused to consider a late filing where "compelling reasons or exigent circumstances excusing the tardiness" were demonstrated.)

974 (Fla. 3d DCA 2023); Martinez v. Citizens Prop. Ins. Corp., 321 So. 3d 376 (Fla. 3d DCA 2021); Panglinan v. Broward Cnty., 914 So. 2d 1094 (Fla. 4th DCA 2005); Best v. Educ. Affiliates, Inc., 82 So. 3d 143 (Fla. 4th DCA 2012) (same); Chris Thompson, P.A. v. Geico Indemnity Co., 349 So. 3d 447 (Fla. 4th DCA 2022); Fision Corp. v. Frueh, 369 So. 3d 1211 (Fla. 2d DCA 2023).

This is not to say that a trial court is prohibited from considering an issue raised for the first time in a motion for rehearing. But given our deferential standard of review of an order denying such a motion, and in light of our well-established precedent, we conclude the trial court did not abuse its discretion in denying Ari's motion for rehearing, which was premised on issues that could have been, but were not, raised in its pleading in opposition to summary judgment or at the summary judgment hearing.

## 2. **Crystal's Cross-Appeal of Order Denying Motion to Tax Costs**

As for the cross-appeal of the order denying Crystal's motion to tax costs, we review the issue of entitlement de novo. Progressive Am. Ins. Co. v. Chiropractic Clinics of S. Fla., PL, 387 So. 3d 1262, 1263 (Fla. 3d DCA 2024). Under section 57.041, Florida Statutes (2023), the "party recovering judgment" is entitled to recover its "legal costs and charges." See also Fla. R. Civ. P. 1.525.

It is well established that under the statute, "every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment." Chiropractic Clinics of S. Fla., 387 So. 3d at 1263 (citing Tacher v. Mathews, 845 So. 2d 332, 334 (Fla. 3d DCA 2003)) ("Section 57.041 mandates that a party recovering a judgment is entitled, as a matter of right, to recover lawful court costs. The award of these costs is not discretionary."); Higgs v. Klock, 873 So. 2d 591, 592 (Fla. 3d DCA 2004). The trial court did not provide any explanation for its denial of Crystal's motion to tax costs, and we note that, on appeal, Ari did not respond to the arguments made in Crystal's cross-appeal. We hold the trial court erred in denying Crystal's motion to tax costs.

**CONCLUSION**

We affirm the trial court's order of summary judgment in favor of Crystal, as well as that portion of the trial court's Order Resolving all Post-Judgment Motions which denied Ari's motion for rehearing.

We reverse that portion of the trial court's Order Resolving all Post-Judgment Motions which erroneously denied Crystal's motion to tax costs.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

8